**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4972**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL BURNS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  David A. Faber, Chief District Judge. (CR-03-30)

———————

Submitted:  August 17, 2005      Decided:  September 19, 2005

———————

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

———————

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

———————

Leah P. Macia, BAILEY & GLASSER, LLP, Charleston, West Virginia, for Appellant.  Kasey Warner, United States Attorney, Paula S. Klotzbach, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michael Burns pleaded guilty to one count of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (2000), and was sentenced to 126 months in prison. Burns now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in her opinion, there are no meritorious issues for review. Subsequent to the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), counsel filed a supplemental brief asserting that Burns' sentence violated the Sixth Amendment under Blakely. Burns later filed a pro se supplemental brief, contending that his sentence violated the Sixth Amendment under United States v. Booker, 125 S. Ct. 738 (2005). We affirm Burns' conviction but vacate his sentence and remand for resentencing in light of Booker and Blakely.


I

Pursuant to a written plea agreement, Burns pleaded guilty to distributing methamphetamine on April 29, 2002. The transcript of Burns' plea colloquy discloses full compliance with Rule 11 of the Federal Rules of Criminal Procedure. Notably, he admitted that he sold 1.03 grams of methamphetamine to a confidential informant. Burns stated that he understood that the maximum sentence to which he was exposed was twenty years and that

his sentence would be determined under the federal sentencing guidelines.

Burns' presentence report held him accountable for a marijuana equivalency[1] of 151.37 kilograms, for a base offense level of 26.  See U.S. Sentencing Guidelines Manual § 2D1.1(c)(7) (2002).  Two levels were added for possession of a firearm, see USSG § 2D1.1(b)(1), and obstruction of justice, see USSG § 3C1.1, respectively.  With an adjusted offense level of 30 and a criminal history category of III, Burns' guideline range was 12 to 151 months.

At sentencing, Burns objected to the attribution to him of sixty grams of methamphetamine about which Darrell Jones testified before the grand jury, to one gram of the drug found on Jones' person, and to .67 grams found on Darrell Blankenship's person.  Burns did not object to the attribution to him of the weight of drugs that were involved in six controlled purchases, including the April 29 sale to the informant, or to drugs that were found in a cooler at his residence.  The marijuana equivalency of the drugs to which Burns did not object was 28.03 kilograms.

The district court overruled the objection as to the sixty grams of methamphetamine about which Jones testified,

---

[1] Controlled substances attributed to Burns as relevant conduct included methamphetamine, marijuana, and oxycodone.  The weight of the oxycodone and methamphetamine was converted to a marijuana equivalency.

sustained the objection to the methamphetamine that was taken from Blankenship, and counted only .58 grams of the methamphetamine that was taken from Jones' person. The marijuana equivalency for which the court therefore held Burns accountable had no impact on the base offense level, which remained 26.

Burns conceded at sentencing that he possessed a firearm in connection with his drug trafficking but disagreed that this fact warranted the two-level increase under USSG § 2D1.1(b)(1). The district court overruled his objection, based in part upon the testimony of Terry White, Burns' wife, who stated that Burns obtained the gun to use as protection against anyone who might try to steal drugs or drug proceeds.

Finally, the district court overruled Burns' objection to the increase for obstruction of justice for threatening to harm White if she cooperated with authorities. White testified that Burns had beaten her in the past and that he threatened to harm her if she incriminated him. A videotape of White, showing bruises that she once sustained at Burns' hands, was admitted into evidence. The district court found that White was a credible witness and that the increase was warranted.

The court concluded that Burns' offense lever was 30 and his criminal history category was III, for a guideline range of 121 to 151 months. Burns received a 126-month sentence.

II

Burns first contends that admission of the videotape was unduly prejudicial. This argument is without merit. The Federal Rules of Evidence do not generally apply at sentencing. Fed. R. Evid. 1101(d)(3). Further, there is no limitation on the information about a defendant that a court may consider in sentencing a defendant. 18 U.S.C. § 3661 (2000). Here, the district court acted appropriately when it permitted the introduction of the videotape. We note that, even without this evidence, White's testimony was strong enough to establish that the increase for obstruction of justice was proper.

III

In both the formal supplemental brief and Burns' pro se brief, Burns contends that his sentence violates the Sixth Amendment under Booker and Blakely. In Booker, the Supreme Court held that the mandatory guidelines scheme which provided for sentence enhancements found by the court violated the Sixth Amendment. The Court remedied the constitutional violation by severing and excising the statutory provisions that mandate sentencing and appellate review under the guidelines, thus making the guidelines advisory. Booker, 125 S. Ct. at 746-48, 755-56 (Stevens, J.), 756-57 (Breyer, J.).

Subsequently, in United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005), we held that a sentence that was imposed under the pre-Booker mandatory sentencing scheme and was enhanced based upon facts found by the court, not by the jury or admitted by the defendant, constitutes plain error that affects that defendant's substantial rights. In the guilty plea context, reversal is warranted when the sentence exceeds the maximum allowed based on the facts established by the plea or otherwise admitted by the defendant and the record does not disclose what discretionary sentence the district court would have imposed under an advisory guideline scheme. Id. at 546-47, 556.

Here, neither the indictment nor the plea agreement identified the amount of drugs involved in the offense. At the plea colloquy, Burns admitted that he sold 1.03 grams of methamphetamine to an informant on April 29, 2002. At sentencing, he admitted that he should be held accountable for the April 29 controlled purchase, the weight of methamphetamine involved in five other controlled purchases, and the weight of drugs (methamphetamine, oxycodone, and marijuana) found in a cooler at his residence. The marijuana equivalency of the drugs for which he conceded responsibility results in a base offense level that is markedly less than that assigned at sentencing. Under Booker, this error alone establishes that Burns' sentence of 126 months stood well above the properly calculated guideline range. In accordance

- 6 -

with Hughes, we recognize this plain error, vacate the sentence, and remand for resentencing.[2]

IV

Our review of the entire record discloses no grounds for reversal of the conviction, which we accordingly affirm. Burns' sentence is vacated as violating Booker, and the matter is remanded for resentencing. In accordance with Anders, we have examined the entire record and find no other meritorious issues for appeal. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART

_____

[2] As in Hughes, we express no criticism of the district court, which sentenced Burns in accordance with the law as it existed prior to Booker.

- 7 -